UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIO J. GARCIA,

Plaintiff,

-vs- Case No.:

NAVIENT SOLUTIONS, INC.,
NAVIENT CORPORATION, and
STUDENT ASSISTANCE CORPORATION,

Defendants.
_____________________________/

**COMPLAINT**

Plaintiff, JULIO J. GARCIA, by and through his undersigned counsel, sues the Defendants, NAVIENT SOLUTIONS, INC., NAVIENT CORPORATION, and STUDENT ASSISTANCE CORPORATION and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA")

**INTRODUCTION**

2. The TCPA was enacted to prevent companies from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Hillsborough County), the phone calls were received in this District, and the Defendants transacts business in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida, and resides in this District.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant, NAVIENT SOLUTIONS, INC (hereinafter "Navient Solutions"), is a corporation with its principal place of business at 2001 Edmund Halley Dr., Reston, VA 20191-3436 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

15. Defendant, STUDENT ASSISTANCE CORPORATION (hereinafter "SAC"), is a corporation with its principal place of business in Delaware, wherein its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808. Defendant SAC transacts business in the State of Florida.

16. Defendant NAVIENT CORPORATION (hereinafter "Navient Corp") is a corporation with its principal place of business in Delaware, wherein its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808. Defendant Navinet Corp transacts business in the State of Florida.

17. Defendant, Navient Corp, consented to and has knowledge and control of the activities of its agents and representatives, supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partenrs, agents, vendors, assignees, transferees, collectors and/or contractors including but not limited to Navient Solutions and SAC, in their actions related to the servicing and collection of the alleged account.

18. Upon information and belief, Navient Corp had knowledge of all actions taken by its agents and subsidiaries Navient Solutions and SAC, and specifically instructed and/or conspired with them to take such actions as were ultimately taken in regards to Plaintiff.

19. Neither Navient Solutions nor SAC disclosed to Plaintiff the principal/agent or parent company/subsidiary relationship by and between them, but it was nonetheless eventually clear that Navient Solutions and SAC at all times material, acted as the agent on behalf of Navient Corp with respect to the activities described herein.

20. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

21. On or about November 1, 2011, Defendants began to bombard Plaintiff on his celluar telephone with debt collection calls regarding the consumer debt at issue. Plaintiff told Defendants numerous times to stop calling him

22. On or about January 11, 2015, Plaintiff send written correspondence to Defendants requesting that the harassing phone calls cease. See Composite Exhibit "A." Despite Plaintiff's request, the harassing calls continued.

23. Plaintiff continued to ask Defendants to stop calling, but was told several times that "we are allowed to call you up eight times a day."

24. Plaintiff was not able to keep track of every single call. However, during the time period of July 11, 2015 through September 23, 2015, Defendants called Plaintiff at least 71 times from phone numbers 317-550-5549 and 800-335-9188. Plaintiff also received calls from "Unknown Numbers" but when he answered the calls, a voice came on and identified the number as Naviet.

25. On or about September 25, 2015, Plaintiff received a telephone call from Defendants and again asked that the calls cease. The representative that Plaintiff spoke to told Plaintiff that he must send a cease and desist letter, and Plaintiff again said, "Stop calling me." The representative laughed.

26. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to four (4) times a day from approximately January 11, 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the consume debt at issue.

27. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plantiff will testify that there was a pause before a live person came on the line.

28. Each of the autodialer calls the Defendants made to Plaintiff's cellular telephone number after January 11, 2015 was done so after he had revoked consent and without the "prior expressed consent" of the Plaintiff.

29. Plaintiff is the regular user and carrier of the cellular telephone number, (727) ***- 7997, and was the called party and recipient of Defendants' autodialer calls.

30. The autodialer calls from Defendants came from the telephone numbers including but not limited to 800-335-9188 and 317-550-5549. When these numbers are called, a pre-recorded voice or representative answers and says, "Thank you for calling Student Assistance Corporation. This call may be recorded."

31. Defendants have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendants, to permit the cessation of the calls.

32. Despite actual knowledge of their wrongdoing, the Defendants continued the campaign of autodialer calls, well-beyond January 11, 2015, when Plaintiff advised Defendants in writing to stop calling Plaintiff.

33. Defendants' corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendants to stop calling.

34. Defendants' corporate policies provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

35. Defendants have numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

36. Defendants have numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call people who have revoked consent to be called.

37. Defendants knowingly employed methods and/or have a corporate policy designed to harass and abuse individuals and have set up their autodialers in a manner which makes it virtually impossible for the autodialer calls to stop.

38. Defendants knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

39. Due to Defendants' constant autodialer calls and demands for payment, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

**COUNT I**
**NAVIENT SOLUTIONS, INC.**
**(Violation of the TCPA)**

40. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

41. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

42. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

43. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, Inc. for statutory damages, punitive damages, actual

damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**NAVIENT SOLUTIONS, INC.**
**(Violation of the FCCPA)**

44. Plaintiff incorporates one (1) through thirty-nine (39).

45. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

46. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

47. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

48. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT III**
**STUDENT ASSISTANCE CORPORATION**
**(Violation of the TCPA)**

49. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

50. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

51. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

52. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Student Assistance Corporation for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT IV**
**STUDENT ASSISTANCE CORPORATION**
**(Violation of the FCCPA)**

53. Plaintiff incorporates one (1) through thirty-nine (39).

54. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

55. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

56. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

57. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Student Assistance Corporation for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT V**
**NAVIENT CORPORATION**
**(Violation of the TCPA)**

58. Plaintiff incorporates Paragraphs one (1) through thirty-nine (39).

59. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

60. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff told Defendant to stop calling Plaintiff.

61. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Corporation for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT VI**
**NAVIENT CORPORATION**
**(Violation of the FCCPA)**

62. Plaintiff incorporates one (1) through thirty-nine (39).

63. At all times relevant to this action, Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

64. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

65. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

66. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Corporation for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Octavio Gomez*

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@ForThePeople.com

# COMPOSITE EXHIBIT A

**January 11, 2015**

**ATTENTION – SALLIE MAE**
**PO BOX 3319**
**Wilmington, DE 19804**

**RE : Student Loans for - JULIO GARCIA SS# ______ 4164**

**Attention : SALLIE MAE– PLEASE STOP CALLING MY CELL PHONE!**

**Since I don't know who to direct this letter to, this following letter below is being sent to Navient to stop the harassing calls.**

**I have spoken with different representatives from your many call centers and have asked them top please STOP CALLING MY CELL PHONE between 3-7 times a day. Not only are you calling me from so many different locations, I am getting calls from the Philippines as well. Your ROBO calls to my phone, 727-____-7997 have got to stop. This is ridiculous. Then I get calls from BLOCKED NUMBERS, that won't identify themselves with accents that I cannot understand. I can't believe that you have shared my sensitive personal information with call centers overseas. How secure is that, not just for my identity, but everyone else?**

**You have repeatedly for the past several years blown up my phone from different phone numbers around the country cloaking your identity to the point I had to stop answering calls because you were wasting my minutes. I am tired of speaking with representatives overseas that I cannot understand and when told to stop calling my phone, they tell me that there call center overseas is not subject to the rules and regulations from the USA. AND THE CALLS STILL KEEP COMING IN!!!!!**

**Representatives have told me in the USA, that they can't stop calls from hitting my phone and gave me a few of the following excuses, one excuse I was told is that I have to contact all there locations and deal with them separately, another lame excuse was that if anyone is late they will persistently call nonstop until a payment is made, that sounds like a threat. Another one said they would notate my account, but the computers will still call my phone number. One representative told me that I had to contact Sallie Mae directly, in which they will receive this letter as well and that a letter be sent to the Philippines, and I don't know why since you are here in the USA.**

**PLEASE DO NOT CALL MY CELL PHONE ANY MORE FOR ANYTHING PERIOD!!!**
**MAIL ME ANY CORRESPONDENCE BY MAIL!!!**

**Thank you for your prompt attention,**

**Julio Garcia**

**January 11, 2015**

**ATTENTION – NAVIENT**
**PO BOX 9500**
**Wilkes-Barre, PA 18773**

**RE : Student Loans for - JULIO GARCIA SS# 4164**

**Attention : Navient – PLEASE STOP CALLING MY CELL PHONE!**

**I have spoken with different representatives from your many call centers and have asked them top please STOP CALLING MY CELL PHONE between 3-7 times a day. Not only are you calling me from so many different locations, I am getting calls from the Philippines as well. Your ROBO calls to my phone, 727- 7997 have got to stop. This is ridiculous. Then I get calls from BLOCKED NUMBERS, that won't identify themselves with accents that I cannot understand. I can't believe that you have shared my sensitive personal information with call centers overseas. How secure is that, not just for my identity, but everyone else?**

**You have repeatedly for the past several years blown up my phone from different phone numbers around the country cloaking your identity to the point I had to stop answering calls because you were wasting my minutes. I am tired of speaking with representatives overseas that I cannot understand and when told to stop calling my phone, they tell me that there call center overseas is not subject to the rules and regulations from the USA. AND THE CALLS STILL KEEP COMING IN!!!!!**

**Representatives have told me in the USA, that they can't stop calls from hitting my phone and gave me a few of the following excuses, one excuse I was told is that I have to contact all there locations and deal with them separately, another lame excuse was that if anyone is late they will persistently call nonstop until a payment is made, that sounds like a threat. Another one said they would notate my account, but the computers will still call my phone number. One representative told me that I had to contact Sallie Mae directly, in which they will receive this letter as well and that a letter be sent to the Philippines, and I don't know why since you are here in the USA.**

**ALL SAID PLEASE DO NOT CALL MY CELL PHONE ANY MORE FOR ANYTHING PERIOD!!!**
**MAIL ME ANY CORRESPONDENCE BY MAIL!!!**

**Sincerely,**

**Julio Garcia**